J. JONES, Justice,
specially concurring.
I fully concur in the Court’s opinion, but feel it appropriate to mention the counterproductive results of Parkway’s deplorable conduct in this case. Throughout the proceedings, Parkway has professed not to understand what “take care of’ means. I would expect that when several people are eating at the same table at a restaurant in Blackfoot and one says he will “take care of’ the bill, everyone at the table understands what he means. It means that he will pay the bill, rather than sitting around for years hoping that the waitperson will never bring it. When sued by Campbell, Parkway filed a cross-claim against Arthur McCracken, who had been authorized by the Board of Directors to make the deal with Campbell, claiming that he was unauthorized to make the deal and should have to bear the consequences of any judgment in favor of Campbell. The magistrate judge saw through this tawdry business, granting judgment against Parkway on the cross-claim at the same time he granted judgment in favor of Campbell on her complaint.
The magistrate awarded Campbell attorney fees in the amount of $48,551.73 and awarded McCracken fees in the amount of $9,855. Parkway filed a frivolous appeal of Campbell’s judgment, which the district court rebuffed, awarding Campbell $18,429.23 in attorney fees. This Court will also award attorney fees to Campbell for Parkway’s meritless appeal. While I.R.C.P. 54(e)(3) does not specifically factor in deplorable conduct as an additional matter to consideration in a fee award, in addition to time and labor, it is likely that such a factor could be considered under factor (L) of the rule.
Thus, Parkway incurred monetary indebtedness in the sum of $76,835.96, plus (1) interest, (2) costs of suit, (3) fees awarded by this Court, and (4) the fees of its own attorneys, in its quest to beat a $6,800 contractual obligation. In addition to tying up court time that could have been devoted to meritorious matters, Parkway’s conduct has undoubtedly taken a toll on Campbell, who only wanted Parkway to honor its contractual obligation. It is unfortunate that she had to put up with this course of misconduct. The fee awards may help to relieve the burden and, hopefully, will cause Parkway to conform to more acceptable behavioral norms in the future.